UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELECTRO SCAN, INC., a
Delaware corporation, et al.,

           Plaintiffs,

   v.

CROWN ELECTROKINETICS CORP.,
a Delaware corporation; et
al.,

           Defendants.

No.  2:25-cv-02442-JAM-CSK

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS WITH
PREJUDICE AS TO PLAINTIFFS'
FEDERAL CLAIMS**

This matter is before the Court on two motions to dismiss. Defendants Crown Electrokinetics Corp. and Element 82, Inc. move to dismiss all claims against them (ECF No. 8, "Crown Mot."); Defendant Croxall does the same (ECF No. 11, "Croxall Mot."). The motions are fully briefed.[1]  See ECF No. 18, Plaintiffs' Opposition to Crown Electrokinetics Corp. and Element 82, Inc.'s Motion to Dismiss ("Crown Opp'n"); ECF No. 19, Defendants Crown Electrokinetics Corp. and Element 82, Inc.'s Reply ("Crown

---

[1] These motions were determined to be suitable for decision without oral argument.  See ECF No. 20; E.D. Cal. L.R. 230(g).

1

Reply"); ECF No. 14, Plaintiffs' Opposition to Croxall's Motion to Dismiss ("Croxall Opp'n"); ECF No. 15, Defendant Croxall's Reply ("Croxall Reply").[2]  For the reasons detailed below, Defendants' motions are granted as to all of Plaintiffs' federal claims.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case stems from Plaintiff Electro Scan, Inc., "an industry leader in pipeline inspection and leak detection technology," and several individual employees (collectively "Plaintiffs") suing Crown Electrokinectics Corp. ("Crown"), "its subsidiary Element 82, Inc. ('Element 82'), and individual executives Douglas Croxall and David Kinsella" for "fraudulently induc[ing] Electro Scan into entering into an Exclusivity Agreement . . . in connection with its proprietary 'SWORDFISH' lead pipe detection technology."  ECF No. 1, Compl. ¶¶ 1-2. Plaintiffs initiated this case in August 2025, asserting five federal securities-related claims and 13 state law claims against Defendants.

After Defendants Crown and Element 82's filed their motion to dismiss in response to Plaintiffs' complaint, the hearing date on the motion was rescheduled, and Plaintiffs were granted an extension to respond based on representations by Plaintiffs' counsel.  See ECF No. 16.  On January 12, 2026, the Court reset a briefing scheduling, ordering Plaintiffs to file an opposition to Crown and Element 82's motion to dismiss no later than January 26, 2026.  Id.  Plaintiffs' counsel, however, did not file their

---

[2]Defendants' unopposed request for judicial notice (ECF No. 8-2) is granted.  Fed. R. Evid. 201.

opposition to Crown and Element 82's motion to dismiss until January 30; the opposition included an accompanying declaration, citing an "inadvertent[] calendar[ing]" error as the reason for the late filing.  See ECF No. 18-2.  In Defendants Crown and Element 82's original reply brief – filed before the Court reset the scheduling deadlines – there were emails and other documents demonstrating Plaintiffs' counsel had previously failed to properly calendar and calculate the timing for her opposition. See ECF No. 13-1 (miscalculating the 14-day response time required under E.D. Cal. L.R. 230(c)).  Instead of construing the untimely opposition as a non-opposition, the Court has considered the merits of Plaintiffs' brief, but will impose sanctions in the amount of $200 – or $50 per day the filing was late.  See E.D. Cal. L.R. 230(c).  Plaintiffs' counsel shall pay $200 to the Clerk of the Court no later than May 27, 2026.

## II.   OPINION

### A.   Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party."  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)).

That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)).

   B.   Analysis

        1.   Federal Securities Claims

     Defendants Crown and Element 82 move to dismiss the federal counts naming them, Counts One, Three, and Four, arguing Plaintiffs failed to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), Plaintiffs failed to identify a prospectus and therefore cannot state a claim under section 12(a)(2) of the Securities Act, Plaintiffs failed to plead an actionable misstatement or omission as to Counts One and Four, and Count Three fails because there is no private right of action under the identified statute. See Crown Mot.  Defendant Croxall moves to dismiss Counts One through Five, making the same arguments as to Counts One, Three, and Four, and averring Counts Two and Five fail because they derive from Counts One and Four and do not include any facts or information substantiating the requisite elements of the claims asserted under the Securities Act. See Croxall Mot. Plaintiffs' oppositions generally assert their claims are sufficiently pled and otherwise request dismissal without prejudice. See Crown Opp'n and Croxall Opp'n.

     A claim "grounded in fraud" is subject to Federal Rule of Civil Procedure 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). These include claims under the Securities Act and the Exchange Act. Id. (citing and quoting Ninth Circuit, First Circuit, Third Circuit, and Fifth Circuit cases finding heightened pleading standards apply to various claims under the 1933 Securities Act); In re Stac Electronics

5

Securities Litigation, 89 F.3d 1399, 1404 (9th Cir. 1996) ("It is well established that claims brought under Rule 10b-5 and Section 10(b) must meet the particularity requirements of Fed.R.Civ.P. 9(b)."); see also Crown Mot. at 13; Croxall Mot. at 10. "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."'" Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) and Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). Indeed, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)); see also In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.") (superseded by statute on other grounds).

### a.    Count One

Plaintiffs' first claim is under 15 U.S.C. § 77l(a)(2). Compl. at 13-14. Aside from including verbatim language from the statute, the only facts under this cause of action are in paragraph 47, which reads: "Defendants and each of them 'offered' and 'sold' securities within the meaning of the Securities Act because they solicited Plaintiffs' and others'

investments in the Crown/Element 82 platform and actively and knowingly participated in the offer and sale of securities to Plaintiffs and others, and/or offered or sold securities they held or controlled to Plaintiffs. The Securities are not subject to any applicable exemption." Compl. ¶ 47.

It is undisputed that Section 12(a)(2) of the Securities Act creates liability for offers, sales, or communications related to the sale of securities by means of prospectus. See 15 U.S.C. § 77l(a)(2); Crown Mot. at 13-14; Crown Opp'n at 3 (noting civil liability lies when offer or sale is by means of a prospectus or via "oral communications related to a prospectus . . . ."); Croxall Mot. at 10-11; Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 567-68 (1995) ("[T]he phrase 'oral communication' is restricted to oral communications that relate to a prospectus."). As the Supreme Court noted, "[t]hree sections of the 1933 Act are critical in [interpreting the term prospectus]: § 2(10), which defines a prospectus; § 10, which sets forth the information that must be contained in a prospectus; and § 12, which imposes liability based on misstatements in a prospectus." Gustafson, 513 U.S. at 568. And, critically, "[t]he primary innovation of the 1933 Act was the creation of federal duties— for the most part, registration and disclosure obligations—in connection with public offerings." Id. at 571 (citations omitted). In Gustafson, the Supreme Court held, "[T]he term 'prospectus' refers to a document soliciting the public to acquire securities." Id. at 574.

As correctly noted by Defendants, Plaintiffs' complaint fails to identify any prospectus or communication related to

one, which is fatal to Count One. Crown Mot. at 14; Croxall Mot. at 11. Plaintiffs' only response in their opposition is to argue "[w]hether the communications at issue, whether oral, by electronic mail or published press releases, functioned as selling materials is a fact question." See Crown Opp'n at 4. Not only do Plaintiffs fail to identify facts in their complaint supporting the existence of a prospectus, Plaintiffs fail to explain why their complaint would be saved by amendment. See id. The Court grants Defendants' motions as to Count One and finds dismissal with prejudice is appropriate, since it is clear authorizing leave to amend would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007).

            b.    Count Three

It is undisputed that there is no private right of action under 15 U.S.C. § 77q(a), the statute identified as the basis for Count Three. See Crown Mot. at 16; Crown Opp'n at 4; Croxall Mot. at 11. Nevertheless, Plaintiffs request leave to amend, despite "acknowledge[ing] that Section 17(a) does not support a standalone private damages claim . . . ." Crown Opp'n at 4. Given that there is no legal basis for Plaintiffs' claim, Defendants' motions are granted with prejudice. See In re Washington Public Power Supply System Securities Litigation, 823 F.2d 1349, 1355, 1358 (9th Cir. 1987) ("There simply is no indication, explicit or implicit, of legislative intent to create a private right of action under section 17(a). . . . [N]o private right of action lies under section 17(a) . . . .").

8

c.    Count Four

Defendants move to dismiss Count Four, arguing Plaintiffs' Section 10(b) of the Exchange Act and Rule 10b-5 claim fails to identify any actional misstatement or omission, especially under the PLRA and Rule 9(b)'s heightened pleading requirements. Crown Mot. at 14-15; Croxall Mot. at 11-13.  Plaintiffs aver omissions and "half-truths" are the crux of this claim, arguing their claims are sufficiently pled by citing a number of paragraphs of their complaint and focusing on statements and the alleged state of mind of defendant Croxall.  See Crown Opp'n at 4-6; Croxall Opp'n at 4-5.

Tellingly, none of the paragraphs cited by Plaintiffs are within Count Four of their complaint.  Compare Crown Opp'n at 4-6 and Croxall Opp'n at 4-5 with Compl. ¶¶ 60-65.  Moreover, as argued by Defendants, "Plaintiffs do not allege who made the supposed statements, when or where they were made, or how they were false when made," as required by Rule 9(b).  Crown Mot. at 14 (citing Cooper v. Pickett, 137 F.3d 616 (9th Cir. 1997)). Nor do Plaintiffs identify any affirmative statements "and specify why they are misleading by omission."  Id.  The Ninth Circuit has made abundantly clear Rule 9(b) demands a "plaintiff [] set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."  In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded by statute on other grounds); see also Vess, 317 F.3d at 1106; Pickett, 137 F.3d at 627.  Plaintiffs' complaint is wholly

9

deficient under this standard; Plaintiffs have not included any facts substantiating a requisite element of a claim under Rule 10(b).  Accordingly, Defendants' motions are granted as to Count Four.[3]

Both Defendants note the background facts included in the complaint that Plaintiffs claim relate to Count Four are just conclusory allegations regarding meetings or involve conduct that occurred after the exclusivity agreement was executed, meaning they cannot support a claim under Section 10(b) and Rule 10b-5 as a matter of law.  See Crown Reply at 3; Croxall Reply at 3.  Macquarie Infrastructure Corp. v. Moab Partners, L.P., 601 U.S. 257 (2024) and In re VeriFone Securities Litigation, 11 F.3d 865 (9th Cir. 1993) cited by Defendants, are instructive here.  The Supreme Court recently reiterated that "[p]ure omissions are not actionable" under the Exchange Act and Rule 10b-5.  Macquarie, 601 U.S. at 259.  Instead:

> The Rule prohibits omitting material facts necessary to make the "statements made . . . not misleading." Put differently, it requires disclosure of information necessary to ensure that statements already made are clear and complete (i.e., that the dessert was, in fact, a whole cake).  This Rule therefore covers half-truths, not pure omissions.  Logically and by its plain text, the Rule requires identifying affirmative assertions (i.e., "statements made") before determining if other facts are needed to make those statements "not misleading."

---

[3] Plaintiffs include a line in their opposition to Crown's Motion to Dismiss for a "Request for Judicial Notice of Crown's September 19, 2024 press release titled 'Crown Element 82 Division Secures $10M Contract' is hereby made."  Crown Opp'n at 6; ECF No. 18-1.  Plaintiffs' request is denied as moot. Plaintiffs do not cite any portions of the complaint relating to this information, and it does not alter what has been insufficiently pled in the complaint, nor the Court's ruling on Defendants' motions as to Count Four.

Id. at 264.  Nor does liability attach when a "prediction proves to be wrong in hindsight [since it would] not render the statement untrue when made."  VeriFone, 11 F.3d at 871.  In Verifone, the Ninth Circuit affirmed dismissal with prejudice of a number of securities-related claims, including one under section 10(b), for the failure to identify specific, misleading statements and "actionable misstatement[s] of fact or omission," although it was a ruling on an amended complaint.  11 F.3d at 870-72.  The Court finds that allowing Plaintiffs to amend this claim would be futile.  Plaintiffs have not provided any additional facts or justification for authorizing leave to amend; instead, their oppositions are replete with conclusory assertions, none of which explain the lack of factual detail to support allegations of fraud or material omissions in their complaint.  See Crown Opp'n at 6 ("At the Rule 12 state, such allegations suffice, particularly where, as here, discovery is likely to reveal the reckless of such statements made to induce the Plaintiffs.").  Accordingly, Defendants' motions as to Count Four are granted with prejudice.

### d.    Counts Two and Five

Defendant Croxall moves to dismiss Counts Two and Five of Plaintiffs' complaint since they are derivative of Counts One and Four, respectively.  See Croxall Mot. at 13 ("Counts Two and Five assert "control-person" liability against Croxall under Section 15 of the Securities Act and Section 20(a) of the Exchange Act.  Both provisions require a viable primary violation and actual control over the primary violator. [] Because [] Plaintiffs have failed to state any primary violation

11

under either Section 12(a)(2) or Rule 10b-5, their derivative, vicarious liability claims necessarily fail as a matter of law and should be dismissed with prejudice."). Plaintiffs do not dispute this, instead arguing "a primary violation and control" supporting these "[c]ontrol-person claims" have been sufficiently pled. Croxall Opp'n at 5. The Court agrees with Defendant Croxall, that because Plaintiffs' underlying claims have been dismissed with prejudice, Plaintiffs' derivative claims fail as a matter of law. Accord In re Rigel Pharmaceuticals, Inc. Securities Litigation, 697 F.3d 869, 886 (9th Cir. 2012) ("Section 20(a) and section 15 both require underlying primary violations of the securities laws. 15 U.S.C. §§ 77o, 78t(a). Because Plaintiff here has failed to adequately plead a violation of the federal securities laws, it follows that Plaintiff also has failed to adequately plead violations of section 20(a) and section 15."). Accordingly, Counts Two and Five are dismissed with prejudice.

### 2. Plaintiffs' State Law Claims

Because the Court granted Defendants' motions as to all of Plaintiffs' federal claims with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)) (other citations omitted). Accordingly, the Court dismisses Plaintiffs' state law causes of action, claims Six through Eighteen, without prejudice.

Given the Court's rulings, it declines to reach any other arguments presented by the parties.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss, as follows:

1.   Defendants Crown Electrokinetics Corp. and Element 82, Inc.'s Motion to Dismiss (ECF No. 8) Plaintiffs' First, Third, and Fourth Causes of Action is granted, with prejudice;

2.   Defendant Croxall's Motion to Dismiss (ECF No. 11) Plaintiffs' First, Second, Third, Fourth, and Fifth Causes of Action is granted, with prejudice;

3.   Since all of Plaintiffs' federal claims are dismissed, with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims; accordingly, Plaintiffs' Sixth through Eighteenth Causes of Action are dismissed, without prejudice.

Plaintiffs' counsel is ordered to pay sanctions in the amount of $200 to the Clerk of the Court no later than May 27, 2026.

The Clerk of Court is hereby DIRECTED to close this case.

IT IS SO ORDERED.

Dated: May 6, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

13